UNITED STATES DISTRICT COURT                              Case No. 07 CV 7724 (DC)
SOUTHERN DISTRICT OF NEW YORK                   ECF CASE
------------------------------------------------------------------------X
LANDMARK CAPITAL INVESTMENTS, INC.,

                                                       Plaintiff,       **COMPLAINT**

          -against-

IVETTE NUNEZ and MIGUEL NUNEZ, JR.,

                                               Defendants.
------------------------------------------------------------------------X

Plaintiff, by its attorneys, VLOCK & ASSOCIATES, P.C., complains against Defendants as follows:

## THE PARTIES

1.      Plaintiff LANDMARK CAPITAL INVESTMENTS, INC. is a corporation organized and existing pursuant to the laws of the State of Ohio, with its principal place of business located at 1268 North River Road, Warren, Ohio 44483.

2.      Upon information and belief, Defendant IVETTE NUNEZ is an individual residing at 19E Heritage Drive, New City, New York 10956.

3.      Upon information and belief, Defendant MIGUEL NUNEZ, JR. is an individual residing at 19E Heritage Drive, New City, New York 10956.

**JURISDICTION AND VENUE**

Jurisdiction over the subject matter of this action is properly in this Court pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship of the parties. The amount in controversy herein exceeds the sum of $75,000.00.

4.   Venue is pursuant to 28 U.S.C. §1391, as the cause of action arose in the Southern District of New York.

**FIRST CAUSE OF ACTION**

5.   On October 23, 2006, Plaintiff's predecessor-in-interest, HSBC Bank USA, National Association, commenced an action before the Supreme Court of the State of New York, County of New York, entitled "HSBC Bank USA, National Association, successor-by-merger to HSBC Bank USA v. New York Brothers Pizza Corporation and Ivette Nunez," under Index No. 115806/06.

6.   On April 30, 2007, the Court in the aforesaid action entered a Judgment in favor of HSBC Bank USA, National Association, and against New York Brothers Pizza Corporation and IVETTE NUNEZ in the sum of $101,398.02. A copy of the Judgment is annexed hereto as Exhibit "A."

7. On June 6, 2007, HSBC Bank USA, National Association, transferred and assigned all of its right, title and interest to the Judgment to the Plaintiff. A copy of the Assignment is annexed hereto as Exhibit "B."

8. By Deed dated February 7, 2007, Defendant IVETTE NUNEZ transferred and conveyed all of her right, title and interest in and to the premises known as 19E Heritage Drive, New City, New York to Defendant MIGUEL NUNEZ, JR. The said Deed was recorded in the office of the County Clerk of Rockland County, New York, on February 7, 2007. A copy of the Deed is annexed hereto as Exhibit "C."

9. The aforesaid transfer and conveyance was made without consideration.

10. The aforesaid transfer and conveyance was made at a time when Defendant IVETTE NUNEZ was justly indebted to Plaintiff.

11. Upon information and belief, Defendant MIGUEL NUNEZ, JR. is the son of Defendant IVETTE NUNEZ, or is otherwise a close family member.

12. Plaintiff has not been able to satisfy its Judgment against Defendant IVETTE NUNEZ.

13. Pursuant to New York Debtor and Creditor Law ("DCL") § 276, the aforesaid transfer and conveyance was made by Defendants with actual intent to defraud, hinder and delay creditors, causing damage to Plaintiff.

## SECOND CAUSE OF ACTION

14.     Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

15.     Pursuant to DCL § 273, the said transfer and conveyance was effectuated by Defendants with intent presumed in law to defraud, hinder and delay creditors, was made without adequate consideration, and was made at a time when Defendant Nunez was insolvent, or was thereby rendered insolvent, causing damage to Plaintiff.

## THIRD CAUSE OF ACTION

16.     Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

17.     Pursuant to DCL § 273-a, the said transfer and conveyance was effectuated by Defendants at a time when Defendant IVETTE NUNEZ was a defendant in the aforesaid prior action before the Supreme Court of the State of New York, County of New York, an action for money damages.

## FOURTH CAUSE OF ACTION

18.     Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

19.     Defendants devised and implemented a plan to render Defendant IVETTE NUNEZ wholly insolvent and "judgment proof." The said conveyance was made by Defendants with the intent to prevent Plaintiff from recovering on a debt justly owed.

20.     By reason of the said plan and the said conveyance, Defendants tortiously interfered with the collectibility of the debt owed by Defendant Nunez.

21.     As a result thereof, Defendant is liable for the damages caused to Plaintiff.

## FIFTH CAUSE OF ACTION

22.     Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

23.     There was no legal justification for the aforesaid plan and conveyance, which have caused unjustifiable injury to Plaintiff.

## SIXTH CAUSE OF ACTION

24.     Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

25.     Pursuant to DCL § 276-a, Plaintiff is entitled to recover its attorneys' fees and expenses incurred in this action.

## **DEMAND FOR RELIEF**

Plaintiff demands judgment against Defendants as follows:

a. In the sum of $101,398.92, together with interest at the legal rate of nine percent (9%) per annum from April 30, 2007;

b. Vacating, voiding and setting aside the transfer and conveyance of the premises 19E Heritage Drive, New City, New York, and restoring title to the premises in the name of Defendant Ivette Nunez;

c. For attorneys' fees, expenses and costs incurred as a result of this action, in an amount to be determined by the Court; and

d. For such other and further relief as the Court deems just and proper under th circumstances, together with interest, and the costs and disbursements of this action.

Dated:   New York, New York
         August 27, 2007

                                                    VLOCK & ASSOCIATES, P.C.
                                                    Attorneys for Plaintiff
                                                    230 Park Avenue
                                                    New York, New York 10169
                                                    (212) 557-0020

                                                    By: s/Stephen Vlock
                                                    Stephen Vlock (SV 0067)

1271.00008